**FENNEMORE CRAIG, P.C.**
Richard I. Dreitzer, Esq., NV Bar No. 6626
Daniel Cereghino, Esq., NV Bar No. 11534
300 South Fourth Street, Suite 1400
Las Vegas, Nevada 89101
Telephone: (702) 692-8000
Facsimile: (702) 692-8099
Email: rdreitzer@fclaw.com
       dcereghino@fclaw.com
*Attorney for NIKKEI GLOBAL, INC.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Nikkei Global, Inc., a California corporation, | Case No.: 2:18-CV-02013-JCM-EJY |
| Plaintiff, | |
| vs. | **ERRATA TO 2nd STATUS REPORT REGARDING SERVICE OF PROCESS EFFORTS PURSUANT TO ECF NO. 27** |
| Co-Partner Consortium ("Partner-CO"), a Nevada general partnership associated in fact and as an enterprise per 18 USCA § 1961(3); Mr. Phillip Ziade, Nevada resident and co-partner; Mr. Jude E. Nassar, an individual resident of Clark County, Nevada; Appleton Properties, LLC, a Nevada limited liability company; Z Leb Group, LLC, a Nevada limited liability company; Progressive Construction, Inc. a/k/a Growth Construction, a Nevada corporation; Growth Development, LLC a/k/a Growth Construction, a Nevada limited liability company, Vibrant Realty, LLC, a Nevada limited liability company; AJ Properties International, LLC, a/k/a AJ1, a Nevada limited liability company; AJ Properties International Series 2 LLC, a/k/a AJ2, a Nevada limited liability company; Growth Holdings, a Nevada corporation; Growth Luxury Homes, LLC, a/k/a GLH, a Nevada limited liability company; Growth Luxury Realty, LLC, a/k/a GLR, a Nevada limited liability company; Mr. Yoshimi Hirooka, a resident of Japan or Singapore, doing business in Nevada; Mr. Yoshihiro Hirooka, a resident of Japan or Singapore doing business in Nevada; Hirooka Family Office, Ltd., a foreign organization doing business in Nevada, | |
| Defendants. | |

Plaintiff, Nikkei Global provides this further Status Report pursuant to this Court's

FENNEMORE CRAIG
ATTORNEYS
300 S. Fourth St.
SUITE 1400
Las Vegas, NEVADA 89135
702-692-8000

January 16, 2019 Order [ECF No. 27]. As previously explained, Plaintiff has encountered significant difficulty in effectuating service of process on three (3) named defendants in this matter: (1) Yoshihiro Hirooka; (2) Yoshimi Hirooka; and (3) Hirooka Family Office, Ltd. (collectively, the "Hirooka Defendants").

Previously, Plaintiff was informed and believed that the Hirooka Defendants were residents of Singapore. See e.g., Hirookas' Complaint, Case No. A-18-775773-C, at ¶¶ 2, 3. However, even though Plaintiff was generally aware as to the national residency of the Hirooka Defendants, Plaintiff still had to identify specific locations at which to serve them.

As has been mentioned in prior reporting, the Hirooka Defendants have, for some time, been pursuing an action in the Eighth Judicial District Court against persons and entities affiliated with Plaintiff.[1] Throughout the pendency of that litigation, Counsel for the Hirooka Defendants has repeatedly declined to accept service of this action and, to the extent that the addresses for the Hirooka Defendants have been disclosed, they have been referenced as "in care of" their local counsel only.

As previously explained to this Court, service in Singapore is complicated and time consuming because Singapore is not a signatory to the Hague Service Convention. See e.g. 1st Status Report [ECF No. 58]. Not only is the process complicated and time consuming as to initial service (for example, a party seeking to effectuate service has to actually retain a Judicial Officer to oversee the service process and ensure that Singaporean legal norms are observed since they differ from the legal systems of Hague signatories), but there is a complicated and time consuming challenge process thereafter. Moreover, given the disparities between these legal systems, Plaintiff was facing the very real prospect of going to the trouble of achieving service of process in Singapore, only to have any subsequently obtained judgment subject to collateral attack. For these reasons, Plaintiff has always viewed Singapore as a last resort for service upon

---

[1] The Hirooka Defendants' state court action names Ms. Yukiko Minami and Nikkei Global Capital Management, LLC ("Nikkei Capital") as the pertinent defendants. However, as admitted therein, the disputed real estate transactions did not actually involve either Ms. Minami or Nikkei Capital. Rather, the contracts giving rise to the Hirooka Defendants' claims to certain commissions only involved Nikkei Global.

FENNEMORE CRAIG
ATTORNEYS
300 S. Fourth St.
SUITE 1400
Las Vegas, NEVADA 89135
702-692-8000

2

the Hirooka Defendants, based on the increased complexity of service, time commitments, and related costs.

Instead, (and despite the Hirooka Defendants' local counsel's continued refusal to accept service of this action or provide a confirmed, alternative location for service purposes), Plaintiff has continued to investigate the possibility of effectuating service in Japan, a signatory to the Hague Service Convention, and thereby avoid all of the time, trouble and risk of effectuating service upon the Hirooka Defendants in Singapore.

As set forth in Plaintiff's 1st Status Report [ECF No. 58], even though Plaintiff did not yet have confirmed service locations for the Hirooka Defendants, it nonetheless took various steps towards effectuating such service in Japan, including: (1) retaining a Hague Service Convention specialist process server; (2) retained a language specialist to translate the lengthy and complex First Amended Complaint [ECF No. 39] into Japanese in compliance with the Hague Service Convention's requirements; (3) moved this Court for appointment of the specialist process server, Ms. Celeste Ingalls [ECF No. 50]; and (4) continued its search for accurate service locations in Japan. See 1st Status Report [ECF No. 58].

Overlapping with the time to complete service on the Hirooka Defendants as set forth in ECF No. 27, since the time of Plaintiff's last filing before the Court on this issue, Richard Dreitzer, counsel for Nikkei Global, was engaged in the lengthy and complicated process of transitioning from the Wilson Elser law firm to Fennemore Craig, P.C.. Because of an unrelated conflict of interest issue, Mr. Dreitzer was required to temporarily open his own firm (and make all the necessary and related business arrangements) and then commence this transition process all over again, once he began employment with Fennemore Craig, P.C. – all in the space of ninety (90) days. This information is not offered as an excuse, but merely an explanation which bears on the question of Plaintiff's diligence on the issue of service upon the Hirooka Defendants, within the time since Plaintiff's last report to the Court on these issues.

As Plaintiff previously advised in the 1st Status Report, a third-party's ability to confirm service locations for others is much more complicated in Japan than in the United States. See 1st Status Report [ECF No. 58]. Currently, Plaintiff now believes its time consuming and expensive

FENNEMORE CRAIG
ATTORNEYS
300 S. Fourth St.
SUITE 1400
Las Vegas, NEVADA 89135
702-692-8000

3

1  efforts have finally borne the necessary fruit in that it has <u>finally</u> identified accurate service
2  locations for the various Hirooka Defendants in Japan. As such, upon securing this information,
3  Plaintiff immediately began the formal Hague Service Convention process on or about August 20,
4  2019. See **Exhibit 1,** Declaration of Celeste Ingalls. Such process, however, still requires
5  between four (4) and six (6) months to complete.

6  For these reasons (as well as for reasons of judicial and party economy based on: (1) the
7  remaining pendency of a Motion to Dismiss by the non-Hirooka Defendants [ECF No. 44] (and a
8  proposed stipulation to stay proceedings by and between Plaintiff and such non-Hirooka
9  Defendants, filed concurrently herewith); and (2) the location of virtually all party and non-party
10 witnesses in either Singapore or Japan), Plaintiff respectfully submits no party will suffer
11 prejudice by a further extension of time to effectuate service on the Hirooka Defendants and
12 thereby requests such an extension from this Court through and including **<u>January 31, 2010</u>**.

13 To be clear, Plaintiff expects that service will be effectuated by that date and that no
14 further extensions of time will be needed from the Court.

15 DATED August 28, 2019.

16 **FENNEMORE CRAIG, P.C.**

18 By: */s/ Richard Dreitzer*
RICHARD DREITZER, ESQ. (SBN 6626)
DANIEL S. CEREGHINO, ESQ. (SBN 11534)
19 300 E. Fourth Street, Suite 1400
Las Vegas, NV 89101
20 Email: rdreitzer@fclaw.com
         dcereghino@fclaw.com
21 *Attorneys for Plaintiff Nikkei Global, Inc.*

FENNEMORE CRAIG
ATTORNEYS
300 S. Fourth St.
SUITE 1400
Las Vegas, NEVADA 89135
702-692-8000

4

# **CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that I am an employee of Fennemore Craig, P.C., and that on this date, I served a copy of the foregoing **ERRATA TO 2nd STATUS REPORT REGARDING SERVICE OF PROCESS** via the Court's electronic filing system address as follows:

Joseph A. Liebman, Esq.
**Bailey Kennedy**
8984 Spanish Ridge Avenue
Las Vegas, NV 89148
jliebman@baileykennedy.com
Attorney for Defendants

DATED: August 28, 2019

*/s/Morganne Westover*
An employee of **Fennemore Craig, P.C.**

# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| NIKKEI GLOBAL, INC., a California corporation, <br><br> Plaintiff <br><br> v. <br><br> CO-PARTNER CONSORTIUM ("PARTNER-CO"), a Nevada general Partnership associates in fact and as an enterprise per 18 USC 1961(3), et al <br><br> Defendants. | CASE NO.: 2:18-cv-02013-JCM-GWF <br><br> DECLARATION OF CELESTE INGALLS |

I declare that I, Celeste Ingalls, am a resident of Oregon, citizen of the United States, over the age of twenty-one, not a party nor an attorney for any party in this action, and state the following:

1. I am employed by Alan H. Crowe & Associates, Inc. dba Crowe Foreign Services, 1020 SW Taylor Street, Suite 240, Portland, Oregon, and I have specialized in the service of civil process in foreign countries for more than 23 years.

2. I have been retained to assist in effecting proper service of process in the above titled case upon **Yoshimi Hirooka, Yoshihiro Hirroka** and **Hirooka Family Office, Ltd. (c/o Mr. Yoshimi Hirooka and Mr. Yoshihiro Hirroka)** in Japan.

3. I have lectured to state/county bar, and other professional, associations on the mechanics and requirements of process service in foreign countries.

4. Since 2003, I have attended, at special invitation as a private expert, the Special Administrative Sessions of the Hague Conference in The Hague, Netherlands.

5. I have participated (at invitation) with the Hague Administration in a "training" session, presided over by the Hague Administration, to provide guidance to a foreign Central Authority and its

Case 2:18-cv-02013-JCM-EJY   Document 66   Filed 08/28/19   Page 8 of 8

courts on their practical obligations with respect to service under the provisions of the Hague Service Convention.

6.  On August 20, 2019, an address was obtained and provided to me for service upon **Yoshimi Hirooka, Yoshihiro Hirroka and Hirooka Family Office, Ltd. (c/o Mr. Yoshimi Hirooka and Mr. Yoshihiro Hirroka)** in Japan.

7.  On August 27, 2019, the requisite Hague Request and Summary documents, Summons, First Amended Complaint, and Order Appointing International Process Server, with Japanese translations thereof, were forwarded to the Central Authority for Japan for service in accordance with the Hague Service Convention upon **Yoshimi Hirooka, Yoshihiro Hirroka and Hirooka Family Office, Ltd. (c/o Mr. Yoshimi Hirooka and Mr. Yoshihiro Hirroka)**.

8.  Japan has a very specific and meticulous procedure for service of process, which is executed by the courts of Japan. The courts of Japan will not accept any request to expedite their process and do not respond to requests for status during the service process.

9.  Service in Japan in accordance with the Hague Service Convention normally takes an average of 5 to 7 months to complete but can occasionally exceed 8 months.

I declare, under penalty of perjury under the laws of the United States, that the foregoing is true and correct.

Signed this 27th day of August 2019 at Portland, Oregon.

_____
Celeste Ingalls